IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL A. JACKSON, :
:
            Petitioner, :
:
v. : Civil Action No.13-1629-RGA
:
G.R. JOHNSON, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
            Respondents. :

## MEMORANDUM OPINION

Michael A. Jackson. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

April 17, 2014

*Richard G. Andrews*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Michael A. Jackson's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State has filed an Answer in opposition. (D.I. 8) For the reasons discussed, the Court will dismiss the Petition as moot.

## I. BACKGROUND

On June 3, 2013, Petitioner pled guilty to one count of driving under the influence of alcohol – fourth offense. (D.I. 8 at 1) That same day, the Superior Court sentenced Petitioner to five years at Level V incarceration, with credit for twenty-two days, to be suspended after six months for two years at Level III probation. *Id.*

Petitioner filed the instant Petition on September 30, 2013, asserting that his good-time credits were incorrectly computed and that he should have been released from Level V incarceration on September 28, 2103. (D.I. 1 at 1) Petitioner was released from Level V incarceration on October 1, 2013, and he is presently on probation. *Id.*

## II. ARTICLE III JURISDICTION AND MOOTNESS

According to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis,* 494 U.S. at 477-78.

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction

has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, collateral consequences will not be presumed when a petitioner does not attack his conviction but, instead, challenges a "sentence that has already been served." *Burkey v. Marberry,* 556 F.3d 142, 148 (3d Cir. 2009). In such cases, the collateral consequences must be proven and likely to be redressed by a favorable judicial decision. *Id.* at 148; *Spencer*, 523 U.S. at 7. In the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("mootness is a jurisdictional question").

## III. DISCUSSION

In this case, Petitioner only asks to be released from Level V incarceration; he does not challenge his underlying conviction or the terms of his probation. Petitioner has already obtained his requested relief, and he does not allege any continuing collateral consequences stemming from the claim in his Petition that can be redressed by a favorable judicial decision in this federal habeas proceeding. By failing to demonstrate continuing collateral consequences, Petitioner has failed to satisfy Article III's "case or controversy" requirement. Accordingly, the Court will dismiss the instant Petition as moot.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner

demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is moot. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be dismissed as moot. An appropriate Order will be entered.